**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ADRIAN M. REQUENA,

      Petitioner-Appellant,

      v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 07-3282

(D. of Kan.)

(D.C. No.07-CV-3058-JWL)

---

**ORDER DENYING PETITION FOR HABEAS RELIEF AND**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Adrian M. Requena appeals a district court order denying his petition for

habeas relief from a conviction of rape under Kansas state law. The federal

district court denied him relief on all of his claims, but granted him a certificate

of appealability (COA) on an ineffective assistance of counsel claim. We review

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the district court's orders pursuant to 28 U.S.C. §§ 1291 and 2253, and AFFIRM the district court's denial of habeas relief on the ineffective assistance claim. We also DENY Requena's request for a COA on the remaining issues and DISMISS his appeal as it relates to these issues.

## I. Background

J.C., the victim in this case, suffers from various serious ailments such as multiple sclerosis and takes numerous medications to help alleviate her symptoms. At the time of the crime, her friend, Susan Andrey, lived in the same house as J.C. and helped her with daily activities such as driving, bathing, and housework that she was not able to do as a result of her condition.

On March 26, 1999, J.C. and Andrey were playing bingo at the American Legion. While playing bingo, J.C. took a Remeron tablet so that she would be able to sleep when she returned home. The pill took effect sooner than expected, however, because she fell asleep at the bingo table. Andrey took J.C. home and helped her get to bed. Andrey testified that J.C. was "pretty helpless," and Andrey was unable to help her take her clothes off. Andrey left J.C. in her bedroom wearing a t-shirt, sweatshirt, jeans, and socks.

Andrey went to sleep around midnight, but later awoke when she heard J.C.'s cat meow. Andrey walked over to J.C.'s room to investigate why the cat was not in the room with J.C. Andrey noticed that J.C.'s door was open. When she looked in, she saw a naked man lying next to J.C. She recognized the man as

the petitioner Requena. Both J.C. and Andrey knew Requena because they met him at an Alcoholics Anonymous meeting. J.C. considered Requena a friend, but there was no prior sexual relationship between them.

When J.C. awoke the next morning, Andrey asked her why Requena had been naked in J.C.'s bed. J.C. replied, "Are you sure you don't mean Robert?" R., Vol. VII at 55. Robert was a man J.C. had previously been attracted to. The man J.C. had thought was in her bed could not have been Robert, however, because Robert was living in a halfway house. After this conversation, J.C. went back to sleep. J.C. awoke again later in the day and further discussed the incident with Andrey. J.C. decided to report what happened to the police and have a rape examination conducted at the hospital.

Requena was charged with one count of rape in violation of K.S.A. § 21-3502(a)(1)(C) and one count of aggravated burglary in violation of K.S.A. § 21-3716. A Kansas jury convicted Requena of the rape charge but acquitted him of the aggravated burglary charge. Requena appealed his conviction and sentence. The Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review.

Requena then brought a motion for post-conviction relief pursuant to K.S.A. § 60-1507. The trial court dismissed his claim, the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review. Requena filed a habeas petition in the United States District Court for the District of Kansas. In

-3-

his petition, Requena raised the following issues: (1) insufficient evidence supported his conviction for rape; (2) the district court erred in failing to instruct the jury on the meaning of "incapable of giving consent"; (3) the district court erred in refusing to consider Requena's motion for a new trial; (4) the district court erred in failing to conduct an evidentiary hearing on his claim of ineffective assistance of counsel; and (5) he received ineffective assistance of counsel. The court denied relief on all of these claims, but granted Requena a COA for one of his ineffective assistance of counsel claims. This pro se appeal follows.[1]

## II. Discussion

On appeal, we review the district court's denial of federal habeas relief on Requena's ineffective assistance of counsel claim and the district court's denial of a COA on the remaining issues.

## A. Ineffective Assistance of Counsel

We review the denial of federal habeas relief de novo, applying the same standards used by the district court. *Jackson v. Ray*, 390 F.3d 1254, 1259 (10th Cir. 2004). Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant habeas relief on a claim adjudicated on the merits in state court, unless the state court decision "was contrary to, or involved an

---

[1] Because Requena proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) petitioner was prejudiced by the deficient representation. *E.g., Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To establish that defendant was prejudiced by counsel's assistance during plea negotiations, the defendant must show there was "a reasonable probability that but for incompetent counsel [the] defendant would have accepted the plea offer and pleaded guilty." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

Requena argues his trial counsel mistakenly told him the maximum sentence he could face for a rape conviction was 205 months in prison, when in fact Kansas's guidelines indicated he faced a sentence of between 242 and 270 months.[2] The government made a plea bargain offer of 27 months, but Requena

_____

[2] The criminal complaint against Requena mistakenly stated he was charged with a level 2 offense, when in fact his conduct supported a charge of a level 1 offense. The guidelines indicated a sentence for a level 2 offense was between 242 and 270 months, while a sentence for a level 1 offense was between 322 and 356 months. Over the government's objection, the trial court subsequently sentenced Requena as if he had been convicted of a level 2 offense and gave him 256 months in prison. Therefore, Requena never faced a maximum exposure greater than 270 months.

rejected it. After a jury convicted him of rape, he was sentenced to 256 months in prison. Requena argues but for his counsel's inaccurate advice about his maximum exposure, he would have accepted the plea bargain offer of 27 months.

The Kansas Court of Appeals reasonably concluded Requena failed to demonstrate prejudice in this case. It denied post-conviction relief for three reasons:

> First, to satisfy the prejudice prong of the analysis, Requena must show a reasonable probability that, but for counsel's errors, he would have accepted the State's plea bargain offer. We consider de novo whether this would have been so. *See State v. Mathis*, 281 Kan. 99, 110, 130 P.3d 14 (2006). Requena was facing a presumptive sentence of as much as 270 months. In the face of this prospect, he asserts that he rejected a plea bargain offer of 27 months' imprisonment. Requena has the burden of showing us that a different outcome was a reasonable probability, not merely a possibility. Given the substantial sentence Requena was facing under the original charges and the generosity of the proposal he rejected, we are not convinced that there was a reasonable probability he would have accepted the offer had it been made to the more serious charge.
>
> Second, there is nothing to suggest that the State would have extended the same offer to Requena for a level 1 person felony.
>
> Third, at the time the charging and sentencing error was realized, Requena had ample opportunity to raise the issue in his direct appeal. Though his direct appeal had already been docketed, his brief on appeal had not yet been submitted. The docketing statement form that is required asks for a concise statement of the issues proposed to be raised, but states: "You will not be bound by this statement, but should include issues now contemplated." Supreme Court Rule 2.041 (2005 Kan. Ct. R. Annot. 13, 17). He had until the submission of his appellate brief to raise this issue regarding the improper charge.

*Requena v. State*, No. 95,443, 2006 WL 3740879, at *2–*3 (Kan. Ct. App. 2006).[3]

In sum, the record supports the Kansas Court of Appeal's conclusion that Requena, who turned down a 27-month offer in the face of a lengthy—albeit mistaken—205 month sentence, has shown no prejudice even if he could overcome a procedural bar. Since Requena turned down a generous plea agreement in the face of an already potentially lengthy sentence, we agree there is no "reasonable probability that but for incompetent counsel," *Carter*, 130 F.3d at 1442, he would have accepted the offer if he knew his actual exposure was 270 months rather than 205 months.

Because the Kansas Court of Appeals properly decided Requena failed to establish prejudice, it is unnecessary for us to evaluate the first prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.").

---

[3] The district court found this explanation compelling under *Strickland v. Washington*, 466 U.S. 668. The court also noted that Requena refused a sentence that was approximately 13 percent of the purported maximum (27/205 months) compared to a sentence of 10 percent of the actual maximum (27/270 months).

Applying AEDPA deference, we agree with the district court that the Kansas Court of Appeal's application of *Strickland* was reasonable and therefore deny Requena's petition for federal habeas relief.

## B. Certificate of Appealability

The federal district court denied Requena a COA on nine additional ineffective assistance of counsel claims, which we discuss below. The court also denied him a COA on his claims that (1) there was insufficient evidence to support his conviction for rape; (2) the district court erred in failing to instruct the jury on the meaning of "incapable of giving consent"; (3) the district court erred in refusing to consider Requena's motion for a new trial; and (4) the district court erred in failing to conduct an evidentiary hearing on his claim of ineffective assistance of counsel.

To obtain a COA, Requena must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Requena "must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

### 1. Ineffective Assistance of Counsel

Requena argues his attorney provided ineffective assistance of counsel by (1) asking Requena to write an affidavit of the night in question but never using it; (2) explaining to Requena that he had just won a case and did not think the district attorney would let him win another; (3) failing to provide Requena any information about the rape shield law; (4) failing to present the jury evidence of the Kansas Bureau of Investigation (KBI) lab report and failing to call a forensic scientist witness to discuss the report; (5) failing to object to testimony about J.C.'s alleged prior theft of narcotics during her employment; (6) telling Requena he would subpoena an independent physician but failing to do so; (7) failing to excuse the jury due to one potential juror's outburst; (8) failing to request an evaluation of J.C.'s mental capacity; and (9) failing to let Requena testify.

We have conducted a complete review of the state court record. For substantially the same reasons as set forth in the federal district court's order, we reject Requena's claims. First, the district court properly concluded that Requena failed to provide any evidence or analysis in allegations 1, 2, 3, 5, 8, and 9 demonstrating his attorney's conduct was deficient. With respect to arguments 1, 2, 3, 5, and 8, Requena also failed to provide any evidence or explanation for why counsel's conduct prejudiced the defendant.

We address allegations numbered 4, 6, and 7 in greater detail.

**(Allegation #4).** Requena claims his counsel was ineffective for failing to introduce a lab report as evidence and failing to call a forensic scientist with the KBI to discuss the findings of the report. Requena implies the report may have contained DNA evidence that would have exonerated him. While the report may have contained DNA evidence, identity was not a reasonable defense in this case. Requena had admitted he was present at J.C.'s house and in her bed the night the alleged rape occurred. The primary issue for the jury, instead, was whether J.C. consented to the sexual encounter. Because it is unlikely the DNA evidence would have altered the outcome of the trial, the Kansas Court of Appeals properly concluded the attorney's performance was not deficient and Requena was not prejudiced by the attorney's conduct.

**(Allegation #6).** Requena also alleges his attorney falsely told him that he would subpoena a doctor, and this doctor would testify that a lay person is not capable of recognizing the effects of certain medications. Requena suggests this testimony would show that Requena reasonably believed J.C. consented to the sexual encounter. As an initial matter, Requena failed to provide an affidavit or any other proof suggesting a doctor would provide such testimony. Even if Requena provided such evidence, he would not be able to establish prejudice under *Strickland*. As the district court convincingly explained, sufficient evidence existed from which the jury could reasonably infer that Requena knew J.C. was incapable of consenting. In particular, Requena admitted he was aware

of J.C.'s serious medical condition and symptoms. Because he was aware of these severe symptoms, the jury could reasonably infer that Requena knew these symptoms would prevent J.C. from consenting to sexual intercourse, even if Requena was not aware of the effects of J.C.'s medication.

Therefore, the federal district court properly denied Requena a COA on this issue.

**(Allegation #7).** Requena alleges that during voir dire, one potential juror said in the presence of the other jurors, "I have been raped," and began crying. The judge excused her for cause. Requena claims his counsel was ineffective for not asking each remaining juror if the outburst would affect their judgment.

"[A]n attorney's actions during voir dire are considered to be matters of trial strategy, which cannot be the basis of an ineffective assistance claim unless counsel's decision is . . . so ill chosen that it permeates the entire trial with obvious unfairness." *Neill v. Gibson*, 278 F.3d 1044, 1055 (10th Cir. 2001) (internal quotation marks omitted). A statement by an excused juror about a past experience generally does not permeate a trial with obvious unfairness, unless the statement is related to the guilt of the defendant or the veracity of a witness. *Cf. United States v. Buchanan*, 787 F.2d 477 (10th Cir. 1986). In *Buchanan*, the district court asked a potential juror whether he knew of any reason he couldn't be fair and impartial in a case involving arson. *Id.* at 480. The juror responded, "yes, . . . [i]n the last five years my mobile home has been vandalized three times

-11-

and I have had real estate burned." *Id.* The court excused the juror and denied the defendant's motion for a mistrial. On appeal, the Tenth Circuit concluded the trial court did not err in refusing to grant a mistrial because the juror's "remark did not constitute an opinion on the defendant's guilt or the veracity of anyone involved in the case." *Id.*

The attorney's failure in the present case to question the remaining jurors about the excused juror's statement did not permeate the trial with obvious unfairness. Like the excused juror in *Buchanan*, the juror did not express an opinion about the guilt of Requena or the veracity of anyone involved in the case. Because the attorney's conduct did not constitute ineffective assistance, we conclude Requena is not entitled to a COA on this basis.

### 2. Sufficiency of Evidence

The Kansas Court of Appeals rejected Requena's claim that there was insufficient evidence supporting his rape conviction. In reaching this conclusion, it applied a standard of review nearly identical to the one required under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See State v. Requena*, 41 P.3d 862, 865 (Kan. Ct. App. 2001) (citing *State v. Mason*, 986 P.2d 387 (Kan. 1999)). Because the court reasonably applied the correct standard to the facts of the case, *see* 28 U.S.C. § 2254, we conclude Requena is not entitled to a COA on this ground.

### 3. Jury Instruction

-12-

Requena argues the trial court erred by not instructing the jury on the meaning of "incapable of giving consent." A defendant in a habeas proceeding has a substantial burden to overcome when attacking a state court judgment based on an erroneous jury instruction. *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995). "A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." *Id.* This burden, in fact, "is even greater than the showing required to establish plain error on direct appeal." *Id.*

We conclude Requena failed to overcome this substantial burden. The Kansas Court of Appeals reasonably rejected Requena's argument because the term "'incapable of giving consent' is one which people of common intelligence and understanding can comprehend and is not a term that requires definition." *Requena*, 41 P.3d at 866. Furthermore, nothing in the record indicates that the instructions were improper or the fundamental fairness of the trial was undermined by the court's failure to define this phrase.

Because the Kansas Court of Appeals's resolution of this issue was a reasonable application of Supreme Court precedent or federal law, we deny Requena's request for a COA on this basis.

**4. Motion for a New Trial**

Requena argues that the trial court erred in refusing to consider his untimely motion for a new trial. In the motion, he only alleged ineffective assistance of counsel. The Kansas Court of Appeals concluded the trial court did not abuse its discretion in denying the motion. Furthermore, it concluded even if it abused its discretion, it was not reversible error because Requena did not demonstrate that he received ineffective assistance of counsel. Because we agree Requena failed to establish that his attorney was deficient, we deny Requena's request for a COA.

**5. Post-Conviction Evidentiary Hearing**

Finally, Requena argues he is entitled to a COA because the state trial court erroneously denied his request for an evidentiary hearing in connection with his post-conviction motion alleging ineffective assistance of counsel. We have previously held that challenges to a state's post-conviction procedures are generally not cognizable in federal habeas proceedings. *E.g. Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding petitioner may not challenge state court's denial of post-conviction evidentiary hearing because "federal habeas corpus relief does not lie for errors of state law").

Because Requena's claim is not cognizable in a federal habeas proceeding, we deny his request for a COA.

## III. Conclusion

Based on our review of the record, we are not persuaded that the Kansas Court of Appeals's denial of Requena's ineffective assistance of counsel claim was based on an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. Likewise, we are not persuaded jurists of reason would disagree with the federal district court's disposition of Requena's petition. Accordingly, we AFFIRM the district court's denial of habeas relief on the ineffective assistance claim. We also DENY Requena's request for a COA on the remaining issues and DISMISS his appeal as it relates to these issues.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge